UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL BUEH NYHE,

    Plaintiff,

v.

MASTER POLICE OFFICER CRAIG CAMPBELL, et al.,

    Defendants.

No. C04-2049P

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

    This matter comes before the Court on Defendant Craig Campbell's ("Campbell") Motion for Summary Judgment and the Des Moines Police Department ("Department") and Des Moines Police Chief Donald Obermiller's ("Obermiller") joint Motion for Summary Judgment. (Dkt. Nos. 23, 26). Having reviewed the pleadings and supporting materials, the Court GRANTS Campbell's motion and GRANTS in part and DENIES in part the Department and Obermiller's motion. Under the doctrine of res judicata, the state court dismissal of Plaintiff Michael Bueh Nyhe's ("Nyhe") claims against Defendant Craig Campbell and the Des Moines Police Department ("Department") bars Nyhe's federal claims. The case law is clear that federal civil rights actions are not exempt from a state's preclusion rules. While Nyhe did not explicitly raise federal civil rights claims in his state case, he could have. Washington's preclusion rule applies to both claims litigation and those that could have been. The transactional nucleus of facts relating to the two cases and the evidence relevant to the two cases are identical. The Court denies the Department and Obermiller's request for attorney's fees because there appears to be disputed facts regarding who instigated the physical contact and therefore the Court

ORDER - 1

cannot conclude that it was frivolous for Nyhe, acting pro se, to seek redress for perceived civil rights violations in federal court.

## BACKGROUND

Plaintiff Nyhe sued Campbell, the Department, and Obermiller alleging civil rights violations and police brutality in connection with an August 18, 2003 incident involving Nyhe and Campbell, an officer with the Department. On April 18, 2003 at 12:10 p.m., Campbell was dispatched to assist another officer with a complaint of three "unwanted subjects" in Room 209 of the Travelodge Suites at 22845 Pacific Highway South in Des Moines. The dispatch described one of the subjects as a black male in his 20s, roughly 6 feet tall, of thin build and wearing dark pants. Officer Campbell misunderstood the location and drove to the wrong motel, the Valu Inn at 224th and Pacific Highway South, about four blocks from the Travelodge.

After arriving at the Valu Inn, Campbell saw Nyhe, who is African-American, walk into Room 209. Campbell contacted Nyhe and the two exchanged words. Campbell and Nyhe offer differing accounts of what happened next, but on this much they agree: Nyhe pointed his index finger at Campbell and accused him of racial harassment, and Campbell then pushed Nyhe away, causing him to hit the wall behind him. Nyhe asserts that Campbell was "all up in my chest . . . pushing me to the wall behind me. He started assaulting me." (Plf's Compl. at 2). Campbell contends he feared for his safety and used force only to protect himself. He describes his use of force as a "protective hand sweep of the subject's hands" followed by a shove to increase the distance between the two. (Def's Mot. at 3).

On January 14, 2004, Plaintiff filed two complaints against Campbell and the Department in the small claims division of King Country District Court. In one, he sought approximately $1,500 for medical bills. (Kugler Decl., Ex. A). In the other, he sought $4,000 for "pain and suffering in the hand of Police Officer Craig Campbell who assaulted me." (Id., Ex. B). The small claims court dismissed both claims with prejudice on three grounds: 1) Nyhe's failure to comply with the municipal claims filing statute; 2) improper service of notice of the small claim complaints; and 3) "immunity

ORDER - 2

1   from suit of Officer Campbell and the Des Moines Police Department based upon the incidents

2   complained of in this case." (Id., Ex. D).

3       Nyhe filed the instant federal suit against Campbell, Obermiller, and the Department on April

4   19, 2005.  He asserts eight federal and state claims, all related to the April 18, 2003 incident at the

5   Valu Inn motel.  The claims allege violations of Nyhe's federal civil rights under 42 U.S.C. §§ 1981,

6   1983, 1985 and 1986; negligent infliction of emotional distress; negligence; outrageous conduct; and

7   negligent training.

8       ANALYSIS

9       Summary judgment is not warranted if a material issue of fact exists for trial.  Warren v. City

10  of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995), cert. denied, 516 U.S. 1171 (1996).  The underlying

11  facts are viewed in the light most favorable to the party opposing the motion.  Matsushita Elec. Indus.

12  Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  "Summary judgment will not lie if . . . the

13  evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v.

14  Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The party moving for summary judgment has the

15  burden to show initially the absence of a genuine issue concerning any material fact.  Adickes v. S.H.

16  Kress & Co., 398 U.S. 144, 159 (1970).  However, once the moving party has met its initial burden,

17  the burden shifts to the nonmoving party to establish the existence of an issue of fact regarding an

18  element essential to that party's case, and on which that party will bear the burden of proof at trial.

19  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986).  To discharge this burden, the nonmoving

20  party cannot rely on its pleadings, but instead must have evidence showing that there is a genuine issue

21  for trial.  Id. at 324.

22  I.  Defendant's Campbell's Motion for Summary Judgment

23      Defendant Campbell asserts that Plaintiff's federal suit is barred under the doctrine of res

24  judicata due to the earlier dismissal of Plaintiff's actions in small claims court.  Plaintiff responds that

25  res judicata does not apply because the "issues are not identical" and the federal issues he raises have

ORDER - 3

not been litigated. Plaintiff also objects that he did not have a "full and fair opportunity to litigate" his claims in state court. (Plf's Resp. at 5).

Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties from relitigating issues that were <u>or could have been</u> raised in that action." <u>Allen v. McCurry</u>, 449 U.S. 90, 94 (1980) (emphasis added). Federal courts must give preclusive effect to state court judgments when the state courts would do so. 28 U.S.C. § 1738; <u>Allen</u>, 449 U.S. at 96. To do so, the federal court must look to the res judicata principles of the state in which the earlier judgment was rendered. <u>Pedrina v. Chun</u>, 97 F.3d 1296, 1301 (9th Cir. 1996) (citing <u>Migra</u>, 465 U.S. at 80)). Federal civil rights actions under 28 U.S.C. § 1983 are subject to res judicata based on state court judgments. In <u>Migra v. Warren City School Dist. Bd. of Educ.</u>, 465 U.S. 75, 83-85 (1984), the Supreme Court rejected the proposition that the preclusive effect of a state-court judgment does not apply to a § 1983 claim that could have been raised but was not in the earlier state-court proceeding. "Section 1983 . . . does not override state preclusion law and guarantee [a party] a right to proceed to judgment in state court on her state claims and then turn to federal court for adjudication of her federal claims." <u>Id.</u> at 85. Thus, a state court judgment in a case in which the party could have but did not raise a § 1983 claim has the same preclusive effect in federal civil rights action that such a judgment would have in state court. <u>Id.</u> at 84-85. However, state court judgments do not have preclusive res judicata effect if the litigant did not have a full and fair opportunity to litigate the claim in state court. <u>Allen</u>, 449 U.S. at 95.

In Washington, the threshold requirement for res judicata is a final judgment on the merits. <u>Hisle v. Todd Pacific Shipyards Corp.</u>, 151 Wn.2d 853, 865, 93 P.3d 108 (2004). A dismissal with prejudice satisfies this requirement. <u>Maib v. Maryland Cas. Co.</u>, 17 Wn.2d 47, 52, 135 P.2d 71 (1943). Res judicata can apply even where the first action was in state small claims court. <u>Chao v. A-One Medical Services, Inc.</u>, 346 F.3d 908, 923 (9th Cir. 2003) ("[T]he nature of the proceedings gives no cause to deny res judicata effect."); <u>see</u> <u>also</u> <u>Noel v. Hall</u>, 341 F.3d 1148, 1171 (9th Cir. 2003);

ORDER - 4

State Farm Mut. Auto. Ins. Co. v. Avery, 114 Wn.App. 299, 308, 57 P.3d 300 (2002) ("The small claims court's limited jurisdiction does not preclude [a party] from asserting issue preclusion as a defense."). The only exception is for small claims involving less than $250 in controversy, which cannot be appealed. Id. at 309. Nyhe sought $4,000 in damages in the small claims suit in which he alleged that Officer Campbell assaulted him. Because the court dismissed the case with prejudice, it was a final judgment for res judicata purposes.

Under Washington law, res judicata applies not only to claims raised and decided by the court in the prior action, but to every claim "which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time." Schoeman v. New York Life Ins. Co., 106 Wash.2d 855, 859, 726 P.2d 1 (1986) (quotation and citation omitted). Thus, Washington law is clear that res judicata applies to claims that were or could have been litigated in the prior action. Lenzi v. Redland Ins. Co., 140 Wn.2d 267, 280, 996 P.2d 603 (2000). In contrast, it does not apply to claims that arise out of a transaction separate and apart from the issue previously litigated. Id. at 860. Once the threshold requirement of a final judgment is met, res judicata operates when the earlier judgment and the subsequent action share four elements: (1) subject matter; (2) cause of action; (3) people and parties; and (4) "the quality of the persons for or against whom the claim is made." Hisle, 151 Wn.2d at 865-66. This is a conjunctive test requiring satisfaction of all elements. Id. The first, third, and fourth prongs are clearly satisfied here. The subject matter is the same as both cases involve allegedly unlawful conduct by Campbell at the Valu Inn on April 18, 2003. Nyhe is the Plaintiff and Officer Campbell is named as a Defendant in both cases.

In determining whether the causes of action are identical, courts have looked to the following criteria for guidance: whether the rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; whether substantially the same evidence is presented in the two actions; whether the two suits involve infringement of the same right; and

ORDER - 5

whether the two suits arise out of the same transactional nucleus of facts. Rains v. State of Washington, 100 Wn.2d 660, 664, 674 P.2d 165 (1983) (citing Constantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir. 1982)). The Ninth Circuit in Constantini described the "same transactional nucleus" as the most important criteria. 681 F.2d at 1202.

In Chao v. A-One Medical Services, Inc., 346 F.3d 908 (9th Cir. 2003), the Ninth Circuit held that a Washington state small claim court judgment barred a federal Fair Labor Standards Act claim under the doctrine of res judicata. While it was not clear in the small claims court action what statute or theory the plaintiffs had sued under, it was clear that the claim related to unpaid overtime wages. Id. at 921-22. Both claims arose out of the same transactional nucleus of facts relating to former employment. Id. at 921. The Ninth Circuit held that the federal claim seeking overtime was barred because, even if the party had not raised the exact same legal theory in state court, she could have. The court further bolstered the case for res judicata by noting that the small claims court dismissal had established the "right" of the two employers not to pay overtime wages, which would be impaired by allowing the federal case to proceed. Id. at 922. The court distinguished claims for vacation pay and Medicare taxes, which were not barred by res judicata, because these were not sufficiently identical causes of action even if they arose out of the same transactional nucleus of facts. Id.

Like Chao, it is not entirely clear what statute or theory Nyhe sued under in his small claims court actions. However, like Chao, it is clear that it related to alleged unlawful conduct by Campbell arising out of the incidents at the Valu Inn on April 18, 2003. Plaintiff argues that the cause of action is not the same because he alleges violations of federally protected rights in this case and only alleged a state tort claim in his state court case. The case law makes clear that this does not render res judicata inapplicable. While Nyhe did not explicitly assert his federal claims in state court, there is no reason why he could not have. Washington's small claims courts are courts of general jurisdiction; the only jurisdictional limit relates to the amount of the claim, which cannot exceed $4,000. RCW 12.40.010. See ex rel. McCool v. Small Claims Court, 12 Wn.App. 799, 802, 532 P.2d 1191 (1975) ("The small

ORDER - 6

claims court possesses all inherent powers that are essential to its existence and the due administration of justice") (citations omitted).  Plaintiff's state claims sought damages of $1,448.78 and $4,000, amounts that would have allowed for an appeal.  The two suits clearly arose out of the "same transactional nucleus of facts," namely the incident at Valu Inn.  Because the claims arise out of the same facts, the evidence is substantially the same in both cases.  Following the lead of Chao, these two factors should be given more weight for res judicata purposes than the lack of congruence in the actual wording of Nyhe's claims or the "rights" allegedly infringed upon.  In addition, the state court dismissal established Officer Campbell's "right" of "immunity from suit . . . based upon the incidents complained of in this case."  (Kugler Decl., Ex. D).  To allow Nyhe's federal claims to go forward would destroy or impair this right.  In sum, res judicata precludes Nyhe's federal suit against Defendant Campbell.

Nyhe argues that he did not have a "full and fair opportunity to litigate" the issues decided by the state court.  (Plf.'s Resp. at 5).  However, Nyhe fails to point to any particular aspect of the state court proceeding that denied him a full and fair opportunity to litigate his claim.  A mere conclusory allegation is not sufficient.

II.  Defendants Des Moines Police Department and Obermiller's Motion for Summary Judgment

Res judicata also bars Nyhe's claims against the Department.  One of the grounds for dismissal of the state court action was that Nyhe had failed to comply with the municipal claims filing statute set out in RCW 4.96.020.  Thus, the state court dismissal established the Department's right not to be sued unless the Nyhe complies with the claim filing requirements.

Nyhe's claims against Chief Obermiller fail because the claims against the Department fail. Nyhe sues Chief Obermiller in his official capacity.  (Plf's Compl. at 1).  A suit against a public employee in his "official capacity" is simply another form of a claim against the governmental entity. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690-91 & n.5 (1978).  "[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."

ORDER - 7

Kentucky v. Graham, 473 U.S. 159, 166 (1985). Therefore, Nyhe's claims against Obermiller are duplicative of his claims against the Department.

Lastly, Defendants Obermiller and the Department request attorney fees and costs incurred pursuant to RCW 4.84.185 on the ground that Nyhe's suit is frivolous and advanced without reasonable cause. The Court denies this request because there appear to be disputed issues of fact such that it was not frivolous for a pro se party to seek redress in federal court for perceived federal civil rights violations.

## CONCLUSION

The Court GRANTS Campbell's motion and GRANTS in part and DENIES in part the Department and Obermiller's motion. Nyhe's federal claims are barred under the doctrine of res judicata by the judgment issued in his small claims court cases. Attorney's fees are not warranted in this instance.

The clerk is directed to provide copies of this order to all counsel of record.

Dated: August 1, 2005

Marsha J. Pechman
United States District Court

ORDER - 8